# IN THE COURT OF APPEALS OF IOWA

No. 15-1757
Filed June 7, 2017

**VINCENT A. RAMOS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, John G. Linn, Judge.

Vincent Ramos appeals from the summary dismissal of his postconviction relief application. **AFFIRMED.**

Edward W. Bjornstad of Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Vincent Ramos appeals from the summary dismissal of his 2015 postconviction-relief (PCR) application challenging his 2003 conviction for first-degree kidnapping. Ramos asserts the jury instructions given at trial were defective because they failed to include language that would comply with *State v. Rich*, 305 N.W.2d 739 (Iowa 1981),[1] and "more importantly the recent case of *State v. Robinson*," 859 N.W.2d 464, 480 (Iowa 2015). He contends trial and appellate counsel were ineffective in failing to challenge the faulty instructions and the *Robinson* case restarted the limitation period for filing a PCR application. *See* Iowa Code § 822.3 (2015).[2]

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012) (citation omitted). "However, when the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (internal citation omitted).

---

[1] In *Rich*, our supreme court stated:
> Although no minimum period of confinement or distance of removal is required for conviction of kidnapping, the confinement or removal must definitely exceed that normally incidental to the commission of sexual abuse. Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independent from sexual abuse. Such confinement or removal may exist because it substantially increases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consummation of the offense.

305 N.W.2d at 745.

[2] Section 822.3 requires a PCR application be filed within three years of issuance of procedendo unless there exists a ground of law or fact that could not have been raised within the time frame.

The PCR court rejected the limitation-period argument and also concluded that *Robinson* offered no relief. *Robinson* involved the question of whether "the State offered sufficient evidence that a jury could find beyond a reasonable doubt that the defendant's confinement of the victim *substantially* increased the risk of harm, *significantly* lessened the risk of detection, or *significantly* facilitated escape." 859 N.W.2d at 481. Finding that the evidence of confinement was not sufficient to qualify for the *Rich* "intensifier" language, the court was required to determine the proper disposition of the case. *Id.* at 482. The *Robinson* court concluded:

> We cannot determine, however, whether the jury found Robinson guilty of sexual abuse in the second degree, which requires an additional finding that during the commission of the sexual abuse, Robinson used or threatened to use force creating a substantial risk of death or serious injury to B.S. *Compare* Iowa Code § 709.3(1) (2011) (sexual abuse in the second degree), *with* Iowa Code § 709.4(1) (sexual abuse in the third degree). This element is not a prerequisite to a kidnapping in the first-degree verdict.
>
> In light of the record, we conclude the State may pursue one of two options in this case on remand. The State has the option of standing on the jury's necessary determination that Robinson was guilty of sexual abuse in the third degree and ask the court to enter judgment on that offense and to sentence Robinson accordingly. In the alternative, however, the State may on remand elect to retry Robinson on sexual abuse in the second degree, an offense which the jury verdict in this case was not required to decide.

*Id.* at 482–83.

Even assuming Ramos could avoid the three-year limitations bar,[3] the PCR court considered the record and—unlike in *Robinson*—determined no

---

[3] This court has recently rejected a claim that *Robinson* extends the limitations period. *See Hampton v. State*, No. 15-1802, 2016 WL 2743451, at *1 (Iowa Ct. App. May 11, 2016), *further review denied* (July 7, 2016) ("The PCR court correctly held the issue existed at the time of [the applicant's] conviction, could have been raised in his direct

factual insufficiency regarding confinement existed in this case. As stated by the PCR court:

> *Robinson* mentions cases of kidnapping and sexual abuse when victims were bound or a weapon is used. These are factors which demonstrate that confinement or removal has significance apart from the sexual abuse and the confinement or removal is more than incidental to the commission of the sexual abuse. The court of appeals in the ruling on [Ramos]'s direct appeal of his conviction[4] noted that the jury could have found that Ramos confined the victim for a period of time over two days and the victim was beaten and sexually abused. At one point, the victim was struck with the stick end of a plunger. Ramos threatened the victim with a knife. The knife was held to the victim's throat. The victim was sexually abused over the course of several days, and at one point, Ramos threatened the victim with a shotgun and put it in the victim's mouth. The victim's face was covered with a towel so she could not see at one point. The victim was barricaded in a bedroom with furniture placed in front of the door to prevent the victim from leaving. Subsequently, the victim was choked and punched. The victim's wrists and ankles were bound with duct tape whenever Ramos was not in the vicinity of the victim so that she could not escape.
>
> Under the facts, [Ramos]'s claim that his trial counsel was ineffective for not objecting to Iowa Uniform Criminal Jury Instruction 1000.5 has no merit. Inclusion of the terms "significantly" or "substantially" would not have changed the result at applicant's trial.

Because a claim of ineffective assistance of counsel must show *both* that counsel failed in an essential duty and prejudice resulted,[5] and because Ramos cannot show prejudice, the ineffectiveness claim necessarily fails. *See Ledezma*, 626 N.W.2d at 143 (stating "the applicant must demonstrate 'that there

---

appeal, and is therefore barred under section 822.3."). We explained, "the *Robinson* court notes that this concept 'underlies' the test set forth in *Rich*. In other words, the court was not announcing a new rule of law but rather clarifying the existing law, which does not provide an exception to the requirements of section 822.3." *Id.* (citation omitted).

[4] *See State v. Ramos*, No. 03-0827, 2004 WL 2296509, at *1 (Iowa Ct. App. Oct. 14, 2004).

[5] *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) ("[A]ll postconviction relief applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted." (citation omitted)).

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (citation omitted)); *see, e.g., State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008) (finding that because the defendant failed to establish the prejudice prong of an ineffectiveness claim, he failed to prove ineffective assistance of counsel). Finding no error, we affirm.

**AFFIRMED.**